UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62176-DIMITROULEAS/SNOW

GARLAND RUSSELL,

    Plaintiff,

vs.

ANDREW M. SAUL,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Report and Recommendation of Magistrate Judge Snow (the "Report") [DE 23], filed herein on September 20, 2021. The Court has conducted a *de novo* review of the Report [DE 23] and has carefully considered Plaintiff's Objections to the Magistrate Judge's Report and Recommendation on Motions for Summary Judgment [DE 24] and Defendant's Response to Plaintiff's Objections [DE 25]. The Court is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff filed an application for disability benefits on October 23, 2018, alleging disability since October 22, 2018 because of mental impairments. The application was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 20, 2019. On January 23, 2020, the ALJ found that the Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied the Plaintiff's request for review on September 2, 2020. On October 27,

2020, Plaintiff filed this action seeking judicial review of the decision of the Commissioner. *See* [DE 1].

On June 15, 2021, Plaintiff filed a Motion for Summary Judgment. [DE 17]. On August 16, 2021, Defendant filed a Motion for Summary Judgment. [DE 20]. On September 20, 2021, Magistrate Judge Snow issued her Report, recommending that Plaintiff's Motion be denied and that Defendant's Motion be granted. *See* [DE 23].

## I.  STANDARD OF REVIEW

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Plaintiff's objections.

## II.  DISCUSSION

Plaintiff objects to the legal standard and reasoning used by the ALJ in evaluating Plaintiff's testimony regarding the severity of his symptoms in light of the evidence of activities

that Plaintiff was engaged in during the period in question, including many varied activities of daily living and traveling, such as living alone, driving, going to the gym, working as a contractor, applying for jobs, and several trips of travel by plane. Here, upon review, the Court finds that the ALJ and the Magistrate Judge properly evaluated Plaintiff's subjective allegations in light of the objective record evidence of Plaintiff's activities.

Plaintiff also objects to the ALJ's purported error in evaluating the medical opinions of Drs. Mihm and Rowley as to the extent of interaction that Plaintiff could have with the general public. Drs. Mihm and Rowley's opinion was that Plaintiff's ability to interact appropriately with the general public was "moderately limited" and that "may perform best in a setting that does not require extensive interaction with the general public," but the ALJ determined that Plaintiff could have "frequent" interaction with the public, which would constitute 1.3-5.3 hours during an eight-hour workday. The Magistrate Judge determined "the ALJ's limitation of the Plaintiff to frequent interaction with the public is fully consistent with the assessments of Dr. Mihm and Dr. Rowley that Plaintiff may perform best in a setting that does not require extensive interaction with the general public." The Court agrees with the Magistrate Judge's conclusion.

Plaintiff further objects to the ALJ's failure to consider Plaintiff's advanced age of sixty-three years old on his alleged disability onset date as an extreme adversity in step five of the sequential evaluation process. In her Report, Magistrate Judge Snow explained the reasons that the ALJ's decision did properly take Plaintiff's age into account.

Upon review of the record, the Court agrees with the reasoning, conclusions, and recommendations of the Magistrate Judge. A court should affirm an ALJ's decision "if the decision was supported by substantial evidence . . . defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shinn ex rel. Shinn v.*

*Comm'r of Soc. Sec.*, 391 F.3d 1276, 1281 (11th Cir. 2004) (internal quotations and citations omitted).   The Court agrees with Magistrate Judge Snow that substantial evidence is present.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 23] is hereby **APPROVED**;

2. Plaintiff's Objections [DE 24] are hereby **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment [DE 17] is hereby **DENIED**;

4. Defendant's Motion for Summary Judgment [DE 20] is hereby **GRANTED**;

5. The ALJ's decision is **AFFIRMED**; and

6. The Clerk shall **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of October, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Snow
Counsel of record